```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 14-CV-22503-GAYLES
                                   MAGISTRATE JUDGE P. A. WHITE

ERROL LEWIS,                    :

     Plaintiff,                 :

v.                              :         REPORT OF
                                          MAGISTRATE JUDGE
STATE OF FLORIDA,               :

     Defendant.                 :
_____:
```

## I. Introduction

The *pro se* plaintiff, Errol Lewis, has filed a civil rights complaint pursuant to Title 42, United States Code Section 1983, while incarcerated at the South Florida Evaluation and Treatment Center. (DE# 1). He seeks immediate transfer out of the South Florida Evaluation and Treatment Center and reasonable accommodation elsewhere. He is proceeding *in forma pauperis*.

## II. Screening Standard

Because the Plaintiff is a prisoner proceeding *in forma pauperis* and seeks redress from a government entity, this case is subject to the judicial screening provisions of United States Code Title 28, Sections 1915 and 1915A. Section 1915(e)(2)(B) instructs that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that –
> ...
> (B) the action or appeal --
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who

>        is immune from such relief.

Id. (emphasis added).

Section 1983 civil rights actions require the deprivation of a federally protected right by a person acting under color of state law. 42 U.S.C. § 1983; Polk County v. Dodson, 454 U.S. 312 (1981); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985). In order to state a claim, a plaintiff must establish (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C. 1983; Dodson, 454 U.S. at 312; see Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B) or and Federal Rules of Civil Procedure 12(b)(6) and 12(c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint need not contain detailed factual allegations. See Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief...."). However, a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must rise above the speculative level and "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989); see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." Neitzke, 490 U.S. at 327.

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. See Twombly, 550 U.S. at 555; Ashcroft v. Iqbal, 556 U.S. 662 (2009). First, the court must identify the complaint's factual allegations, which are entitled to an assumption of truth, and identify and reject the legal conclusions to which no assumption of truth applies. Iqbal, 556 U.S. at 678. Second, the court must determine whether these factual allegations, taken as true, plausibly suggest an entitlement to relief. Id. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. If the well-pleaded facts do not permit the court to infer more than the "mere possibility of misconduct," the complaint is insufficient. Id.

### III. Claims

Construing the complaint liberally, Lewis appears to allege that he is disabled due to a psychological condition, and has been confined in Florida jail or mental health institutions since 2007. He claims that his rights to free speech, religion, and association have been violated, and that he is being denied reasonable accommodations pursuant to the Americans with Disabilities Act. He also appears to claim that he is being deprived of equal protection because other inmates have receive expedited placement in better facilities. The complaint also incorporates a motion seeking the Undersigned's recusal from the case due to the "belief that

3

Magistrate White has sought to prove him wrong in lieu of what is just & proper...." (DE# 1 at 3).

## IV. Discussion

As a preliminary matter, Lewis' complaint includes an implied motion for recusal. Lewis's vague and conclusory allegations that the Undersigned is biased are unsupported and have no basis in fact. See 28 U.S.C. §144 (affidavit seeking recusal must "state the facts and the reasons for the belief that bias or prejudice exists...."); 28 U.S.C. §455 (a Magistrate Judge should disqualify himself from any proceeding in which his impartiality might reasonably be questioned, including for reasons of personal bias or prejudice). Accordingly, the motion is denied. See, e.g., Giles v. Garwood, 853 F.2d 876 (11th Cir. 1988) (no abuse of discretion in denying motion for disqualification where the conclusory allegations were unsupported and the judge found he had no personal bias against or interest in the action).

Lewis' complaint is insufficient to proceed. The Eleventh Amendment provides that "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United Stats by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Amendment bars suit against a state by citizens of another state, and also against a state by its own citizens. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Edelman v. Jordan, 415 U.S. 651, 663 (1974). This immunity extends to State agencies, subdivisions, or officers such as the Florida Department of Corrections. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987); Leonard v. Dep't of Corr., 232 Fed. Appx. 892 (11th Cir. 2007). The *Ex parte* Young doctrine is a well-recognized

exception to Eleventh Amendment immunity for suits against state officials so long as the plaintiffs seek only prospective injunctive relief to stop continuing violations of federal law. See <u>Ex parte</u> <u>Young</u>, 209 U.S. 123, (1908); <u>Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Human Servs.</u>, 225 F.3d 1208 (11th Cir. 2000); <u>Friends of Everglades v. South Fla. Water Mgmt. Dist.</u>, 570 F.3d 1210 (11th Cir. 2009). However, unless a State has waived its Eleventh Amendment immunity or Congress has overridden it, a State cannot be sued directly in its own name regardless of the relief sought. See <u>Pugh</u>, 438 U.S. 781-82 (granting certiorari and remanding for Alabama and the Alabama Department of Corrections to be dismissed from suit in which injunction was granted).

In the instant case, Lewis names the State of Florida as the sole Defendant. Florida has not waived its sovereign immunity or consented to be sued in damages suits brought pursuant to Section 1983. <u>Gamble v. Fla. Dep't of Health & Rehab. Serv.</u>, 779 F.2d 1509, 1513 (11th Cir. 1986). Therefore, Florida must be dismissed from this action. <u>Fla. Dep't of State v. Treasure Salvors, Inc.</u>, 458 U.S. 670, 684 (1982); <u>Pugh</u>, 438 U.S. at 782. Because Lewis has failed to identify a defendant against whom his suit can proceed, this case should be dismissed for failure to state a claim.

### V. <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to United States Code Title 28, Section 1915(e)(2)(B)(ii).

Lewis' implied motion for recusal is denied.

5

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 24th day of July, 2014.

                                              _____
                                              UNITED STATES MAGISTRATE JUDGE

cc:   Errol Lewis, *pro se*
      604511
      South Florida Evaluation & Treatment Center
      18680 SW 376th Street
      Florida City, FL 33034