UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22503-CIV-GAYLES/WHITE

**ERROL LEWIS**,

    Plaintiff,

v..

**STATE OF FLORIDA**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report ("Report") [ECF No. 7], entered on July 24, 2014. On July 7, 2014, Plaintiff Errol Lewis ("Lewis") filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983 while incarcerated at the Florida Evaluation and Treatment Center ("Complaint") [ECF No. 1]. The case was referred to Magistrate Judge Patrick A. White pursuant to Administrative Order 2003-19 for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 3].

Upon reviewing Lewis' Complaint, Judge White issued the Report recommending that Lewis' implied motion for recusal be denied and that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Judge White found that the Defendant, the State of Florida, had not waived its sovereign immunity or consented to be sued for damages and must be dismissed from this action. (Report at 5). As a result, Judge White found Lewis' Complaint should be dismissed

for failure to state a claim. (*Id.* at 5).  The Report also advised Lewis that he had fourteen days from receipt of a copy of the Report to object to it.  (*See id.* 6).  To date, no objections have been filed.[1]

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings."  *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law and finds that no clear error appears on the face of the record.  In the light of that review, the undersigned agrees with Judge White's recommendation that the Complaint be dismissed.  Accordingly, it is

---

[1] Although Lewis has not filed objections, on August 4, 2014, he filed a Motion for the Florida State Hospital and its affiliates to relinquish all documentations pertaining to his stay and dates when he left. [ECF No. 8]. Nothing in Lewis' Motion to Produce/Relinquish reflects any objection to the Report.

**ORDERED AND ADJUDGED** that the Report **[ECF No. 7]** is **AFFIRMED AND ADOPTED** as follows:

1. Errol Lewis' implied motion for recusal is **DENIED;**

2. Errol Lewis' Complaint **[ECF No. 1]** is **DISMISSED for failure to state a claim;** and

3. The Clerk of the Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of August, 2014.

_____
DARRIN P. GAYLES

cc:   Magistrate Judge White
      Errol Lewis, *pro se*